## CARROLL v. McCoy.

1. **Contract:** SUPPORT OF CHILD. In the absence of proof that one who took a child in infancy and supported him until he attained his majority, did so with an understanding that the support was to be gratuitous, the law will imply from a request therefor a promise of the parent to pay for the service.

2. ———: STATUTE OF LIMITATIONS. If such a contract fixed no time for its termination, it is presumed to be entire in point of time, and no part of the charge for services is barred by the statute of limitations until five years from the time when the contract expired.

*Appeal from Tama District Court.*

MONDAY, OCTOBER 26.

ACTION to recover for the support and education of a son of defendant, from the year 1853 to 1871, and for money advanced

for his use. The petition alleges that the child was taken at the request of defendant in infancy, and cared for and educated by plaintiff. An account is attached to the petition, charging each year's support as a separate item.

The answer of defendant denies the allegations of the petition, and pleads the statute of limitations to all the claims which accrued prior to the year 1867. There was a verdict and judgment for plaintiff. Defendant appeals.

*Bradshaw & Bros.*, *Stivers & Safely*, and *T. Brown*, for appellant.

*N. M. Hubbard*, for appellee.

BECK, J.—The consideration of the objections made by defendant to the instructions will cover all points made in the argument of counsel.

I. The jury were directed that if the plaintiff took the child at defendant's request, the law will imply a promise on her part to pay for its support. To this defendant objects on the ground that defendant would not be liable if there was an understanding that the child should be taken care of without charge. This is true but, in the absence of proof of such an understanding, upon request of defendant for the services, the law implies, liability on the part of defendant. A subsequent instruction directs the jury that if they found such an understanding or agreement, defendant is not liable.

*1. CONTRACT: support of child.*

II. Another instruction directed the jury that, if they found it was agreed between the parties that the charge for keeping the child should run from year to year, no recovery can be had for any period beyond five years prior to the commencement of the suit. And still another was to the effect that if the child was taken at the request of defendant, and nothing was said in regard to the time plaintiff was to keep him, and defendant immediately left the country where she resided, and plaintiff and the child remained until about two years before suit was brought, and came to the United

*2. ——: statute of limitations.*

States, the contract was entire and would contiue until such time as it should be terminated by the mother taking the custody of the child, or until he arrived of age. To the last instruction objection is urged.

The instruction contemplates the case of a contract to run for an indefinite time, and to be terminated by the act of defendant or the majority of the boy. Such a contract would be implied by the facts upon which the instruction is based. If the contract fixed no time for its termination, and the defendant never terminated it, the law will presume that it continued to run until the boy arrived at his majority. It was, therefore, entire, and not from year to year. In this view the instruction is correct.

If the action be regarded as upon an account, it must be considered continuous and open, and within Rev., Sec. 2743, so that it is not barred until five years after the date of the last item. The case is not distinguishable from *Moser v. Crooks*, 32 Iowa, 172, and *Wendeling v. Besser*, 31 Iowa, 248, which were actions to recover for board and outlays for the support of persons running through a long series of years. Accounts of the character of the one in the case before us were, in those cases, held not to be barred by the statute.

The rules may be different when applied to contracts or accounts for personal services. The law will not, in such cases, presume that one in an indefinite, continuous or permanent employment is to await its termination for compensation. Such provisions are so rarely, if ever, embodied in express contracts for services, though of such frequent occurrence, and are so manifestly against the interest of the parties, that they will not be presumed to exist in the absence of express stipulation. It may be said that it is the universal custom in cases of personal services rendered, whatever may be the time of employment, to render compensation at intervals of a week, month or a year. But no such custom is known to exist where services of the kind sued for in this case are rendered. See *Davis v. Garton*, 16 N. Y., 256; *Price v. Price*, 34 Iowa, 408.

III.   There is no ground for the objection that the verdict is unsupported by the evidence.   We think the verdict right.

The foregoing discussion disposes of all the points made by appellant.   The judgment of the District Court is

AFFIRMED.