AT

## COUNCIL BLUFFS, SEPTEMBER TERM, A. D. 1885,

IN THE THIRTY-NINTH YEAR OF THE STATE.

---

PRESENT:

HON. JOSEPH M. BECK, CHIEF JUSTICE.
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, ⎱
" JOSEPH R. REED, ⎰ JUDGES.
" JAMES H. ROTHROCK.

---

DEMPSEY ET AL. v. THE CITY OF BURLINGTON ET AL.

1. **Cities and Towns:** ORDINANCES: MORE THAN ONE SUBJECT: CODE, § 489. A city ordinance which contains more than one subject is void, under § 489 of the Code; but an ordinance in two sections, by the first of which an alley is vacated, and by the second of which the ground covered by the vacated alley is granted to a private person,— the main purpose of the ordinance being to transfer the title to such person,—does not contain more than one subject, within the meaning of said section.

| 66 | 687 |
| 86 | 725 |
| 66 | 687 |
| 105 | 262 |
| 66 | 687 |
| 109 | 392 |
| 66 | 687 |
| 113 | 621 |
| 66 | 687 |
| 115 | 737 |
| 66 | 687 |
| 121 | 319 |
| 122 | 572 |
| 66 | 687 |
| 127 | 197 |
| 66 | 687 |
| 139 | 593 |
| 139 | 602 |
| 141 | 601 |

2. ———: POWER TO CONVEY TITLE TO STREETS AND ALLEYS. A city has power to grant to a private person its title to ground covered by a street or alley. *Marshalltown v. Forney*, 61 Iowa, 578, followed.

3. ———: MANNER OF VACATING STREETS AND ALLEYS: NOTICE TO PROPERTY OWNERS NOT NECESSARY: CODE, § 562, CONSIDERED. Under § § 464 and 482 of the Code, cities and incorporated towns may vacate a street or alley by ordinance, without notice to the owners of abutting property. Section 562 of the Code *held* to relate only to the manner of vacating streets and alleys in unincorporated towns and villages.

*Appeal from Des Moines Circuit Court.*

TUESDAY, SEPTEMBER 22.

PLAINTIFFS brought this action in equity for the purpose of having a certain ordinance of the city of Burlington declared invalid. The circuit court, on a hearing of the case on its merits, dismissed the petition. Plaintiffs appeal.

*Hall & Huston*, for appellants.

*Thomas Hedge, Jr., Poor & Baldwin* and *J. J. Seerley, City Solicitor*, for appellees.

REED, J.—Plaintiffs are the owners of certain lots in Barnes' addition to the city of Burlington. This addition was laid out and platted in 1873. It is bounded on the east by Sumner street, on the south by Barnes street, and on the west by May street, and before the passage of the ordinance in question it was bounded on the north by an alley which extended from May to Sumner streets. This alley affords the only way of access to the rear of the lots owned by plaintiffs. The ordinance in question was passed by the city council on the thirteenth of June, 1881. It assumes to vacate said alley for 117 feet west from Sumner street, and to grant the interest and estate of the city therein to George H. Higbee. It is entitled "An ordinance vacating a portion of the alley between Barnes and Angular streets, and releasing the interest of the city therein to George H. Higbee." It con-

tains two sections. By the first section the portion of the alley in question is vacated, and by the second section the land within the portion of the alley vacated is granted to said Higbee.

At about the same time the ordinance was passed Higbee conveyed to the city a strip of land extending from the east end of the unvacated portion of the alley to Barnes street. The consideration of this conveyance was the grant of the ground in the vacated portion of the alley, and it was made by Higbee, and accepted by the city, for the purpose of extending the alley to Barnes street. Plaintiffs have a way of access to the rear of their lots by the alley as thus changed, but the distance necessary to be traveled in passing between the business portion of the city and the rear of the lots is materially increased by the change.

Plaintiffs claim that the ordinance is void, because—*First*, it contains more than one subject,—the subject of the first section being the vacation of the portion of the alley in question, and that of the second section being a grant of land to Higbee; and, *second*, the council had no jurisdiction to vacate the alley, as notice of the application for the change had not been served on the owners of the lots abutting on the alley.

I. Does the ordinance contain more than one subject? If it does, it is void. It is provided by section 489 of the Code that "* * * no ordinance shall contain more than one subject, which shall be clearly expressed in its title." This provision is a limitation of the power of the council to enact ordinances. By its terms it is mandatory, and ordinances passed in violation of it are inoperative because of the want of power in the council to enact them. The evils which the legislature intended to prevent by it were the incorporation in one ordinance of different provisions intended to affect different interests or accomplish different objects, and the enactment of provisions of which the title to the ordinance

1. CITIES and towns: ordinances: more than one subject: Code, § 489.

containing them would give no indication. But we think it does not forbid the enactment in a single ordinance of all the legislation, which may be necessary for the accomplishment of a single object. The different provisions necessary for the accomplishment of the object intended in that case would all relate necessarily to the same subject. The city has the power to lay off, widen, straighten, or extend streets and alleys within its limits. Code, § 464. It also has the power to acquire by purchase or condemnation the real estate necessary therefor, and the council has power to pass such ordinances as may be necessary for the proper exercise of these powers. If the council should provide by ordinance for the widening of a certain street, and for acquiring the necessary real estate therefore, and for paying for the same out of the city treasury, it would be necessary to enact different provisions for the accomplishment of the different objects; for in some sense there would be three different objects to be accomplished. But it would hardly be contended that these different provisions might not all be embodied in the same ordinance. They would all relate to the general subject of the proceeding, and each would be necessary for the accomplishment of the object sought to be attained. The subject of the legislation in that case would be the widening of the street, and the provisions for acquiring the real estate and for paying for it would pertain to that subject, and would be necessary for the accomplishment of that object.

We think the ordinance in question is within this principle. The council had the power to divert the portion of the alley in question from a public to a private use.

2. ——: power er to convey title to streets and alleys.

It had the power to grant the title held by the city to the ground covered by it to a private individual, (*Marshalltown v. Forney*, 61 Iowa, 578,) and the ordinance was passed in the exercise of that power. It is manifest from its provisions that the real object intended to be acomplished by its enactment was the transfer of the title to the land from the city to Higbee. It was thought that

the vacation of the alley was essential to the accomplishment of that object. The provision vacating it was embodied in the ordinance, not for the purpose of effecting the vacation as a matter separate and distinct from the grant, but because it was regarded as a matter essential to be done in order to make the grant effective. The vacation of the alley, then, is not a distinct and separate subject, but the provisions of the ordinance vacating it pertain to the grant of the land to Higbee, which is the real subject of the ordinance. We think therefore, that the ordinance is not void on this ground.

II.  No notice of the proceeding to vacate the alley was given to the owners of the abutting lots before the ordinance was passed, and plaintiffs contend that without such notice the council did not have jurisdiction to pass it. Their position is that section 562 of the Code prescribes the proceedings by which streets and alleys may be vacated. It is as follows: "Streets and alleys so platted and laid out, or which have been platted or laid out under any prior law of this state regulating private plats, may be altered or vacated in the manner provided by law for the alteration or discontinuance of highways." If this section is applicable to the matter of altering or vacating streets and alleys in incorporated towns and cities, it follows necessarily that such corporations can order the vacation of streets and alleys only after the notice prescribed by section 936 has been served on the owners of lots abutting thereon. We think, however, that the section was not intended to apply to such proceedings. By section 464, the power to lay off, open, widen, straighten, narrow, vacate, extend and establish streets and alleys, is conferred on the incorporated towns and cities organized under the laws of the state. It is also provided by section 482 that such corporations shall have the power to make ordinances for carrying into effect and discharging the powers conferred upon them. These sections occur in the chapter of the Code

3. ———: manner of vacating streets and alleys: notice to property owners not necessary: Code, § 562, considered.

in which the powers conferred upon municipal corporations are enumerated and defined.

Unless section 562 has the effect to restrict or limit the corporation as to the manner in which it may exercise the powers conferred by section 464 to vacate streets and alleys, it may exercise such power simply by the enactment of such ordinances as are calculated to effect the object. Section 562 occurs in a chapter which prescribed certain rules for the government of proprietors of land who desire to subdivide the same, or lay it off into town or city plats, or as additions thereto, but it contains no express reference to the powers of municipal corporations. As, by the express provisions of the other sections, the power is conferred upon the corporation to alter and vacate streets and alleys within their boundaries, and prescribes the manner in which they may carry into effect and discharge the powers conferred upon them; the reasonable presumption is that this section was enacted to cover such cases as were not included in the other enactments. It contains the only provision under which streets and alleys in unincorporated villages can be changed or vacated. There was a necessity, therefore, for its enactment, and it was enacted, doubtless, to meet that want. It confers the power to make such changes on the boards of supervisors, and prescribes the manner in which they shall exercise that power. We have, therefore, a definite and certain subject to which it relates. It is quite independent of the other sections, occuring in a different connection and covering a different subject. We think it clear that the legislative intention was that it should be confined in its operation to that subject, and that it was not intended as a limitation as to the manner in which municipal corporations should exercise their powers.

The judgment of the circuit court will, therefore, be

AFFIRMED.