CITY OF LAKE CITY, IOWA, Appellant, v. CYRUS FULKER-
SON, *et al.*

Streets: DEDICATION: TITLE: VACATION. Under section 996, Mc-
1   Clain's Code, the acknowledgment and recording of a plat was a conveyance to the public in fee of the streets which gave the town power to vacate the same, and vacation thereof on petition of the grantors operates as an estoppel of their right to question such power.

Vacation of Streets: REVERSIONARY INTEREST. Where the fee
2   to a street has passed to the public by dedication, the title thereto in case of its vacation will not revert to the grantors or their grantees.

Streets: TITLE: ESTOPPEL. Where the title to a street has passed
3   to the public, the payment of taxes on a vacated portion thereof by an abutting lot owner will not estop the city from asserting its title.

Streets: ADVERSE POSSESSION. Where a street, the fee to which
4   was in the city, was vacated on petition of an abutting lot

owner, she cannot acquire title either by adverse possession or estoppel before the expiration of the requisite time from the filing of such petition.

*Appeal from Calhoun District Court.*—Hon. S. M. Elwood, Judge.

Wednesday, February 3, 1904.

Suit in equity to quiet the title to the vacated portion of a certain street. In 1887 the defendant Fulkerson platted an addition to the plaintiff city, which was duly executed and recorded, and which dedicated to public use Oak street, a street fifty feet wide, running east and west through said addition. In May, 1892, Fulkerson and the other appellees petitioned the city council for the vacation of that part of Oak street between blocks 4 and 5 and blocks 6 and 7 in said addition, and thereupon the council vacated that part of the street by an ordinance duly adopted and recorded. The defendants other than Fulkerson are owners of property abutting the vacated portion of the street. Fulkerson claimed in his answer that the title thereto reverted to him upon its vacation, and set up other defenses, while the other defendants pleaded various defenses, including adverse possession. There was a judgment for the defendants, and the plaintiff appeals.—*Reversed.*

*Hutchinson & Jacobs* for appellant.

No appearance for appellees.

Sherwin, J.—As the appellees have not argued the case, we do not know upon what they rely to sustain the judgment below. The dedication of the street to public use seems to have been full and unreserved, and to have been recognized and accepted by the plaintiff, which was at that time an incorporated town. Under section 996, McClain's Code, the acknowledgement and recording of such plat was equivalent to a deed in fee simple of the land therein set apart for

streets or other public use; and we have held that, where such an unrestricted dedication has been made, it does in fact vest an absolute title in the municipality, and that, upon the vacation of a street so conveyed, the title thereto does not revert to the original owner. *McDunn v. City of Des Moines,* 34 Iowa, 467; *Pettingill v. Devin,* 35 Iowa, 344; *Day v. Schroeder,* 46 Iowa, 546. That the town had the power to vacate the street cannot be questioned (McClain's Code, section 623; *Marshalltown v. Forney,* 61 Iowa, 578), and its vacation upon the petition of the defendants estops them from now questioning the exercise of such power. Having conveyed to the municipality the fee of the street, it requires no argument to demonstrate that a subsequent conveyance of abutting lots could give the grantee no title to any part of the street. *Milburn v. City of Cedar Rapids et al.,* 12 Iowa, 246.

It is clear, then, that the title to the street did not revert to either Fulkerson or any of his grantees, and that whatever rights he or they may have therein must be based upon some other ground. He pleaded an estoppel, based upon the fact that he had been ordered by the town to build a sidewalk along the east end of the vacated portion of said street, but his proof wholly failed to sustain this claim. Another ground of estoppel was that the vacated street had been assessed to him, and that he had paid the taxes thereon; but he listed the land for assessment as his own, and in such way as to conceal its location, and the evidence shows that none of the town officers knew it was assessed to him or that he was paying taxes thereon. Moreover, he only paid the taxes about six years before this action was brought. There is nothing in either of these claims. See *Hull v. Cedar Rapids,* 111 Iowa, 466.

The appellee Yound pleaded that she had been in the actual occupancy of the land ever since the same was platted, with the knowledge and consent of the plaintiff, and that until this suit was begun it had never made any claim thereto or exercised any control thereover. There is but little, if

any, evidence tending to support this issue, but she joined in the petition for the vacation of the street in 1892, and thus recognized the town's title and control thereover, and she cannot now be heard to say that she has acquired title by adverse possession or by estoppel. *City of Ashland v. C. & N. W. R. R. Co.,* 105 Wis. 398 (80 N. W. Rep. 1101). The title to the street having vested absolutely in the plaintiff upon its dedication to public use, and still remaining therein, it follows that it has the right and power to convey the same. *Marshalltown v. Forney,* 61 Iowa, 578; *Dempsey v. The City of Burlington,* 66 Iowa, 687; *Spilzer v. Runyan,* 113 Iowa, 619.

We see no escape from the conclusion that the judgment is wrong, and it is REVERSED.