A. W. TROUT v. THE MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellant.

**Municipal corporations:** ORDINANCES: SINGLE SUBJECT. An ordinance regulating the speed of trains within the limits of a municipality, prohibiting the obstruction of streets and sidewalks by trains, making it unlawful for those not employed thereon to get on or off trains while in motion, and making such acts criminal

and providing punishment therefor, is not objectionable as containing more than one subject.

**Railroads:** CROSSING ACCIDENT: NEGLIGENCE: EVIDENCE: QUESTION OF
2 FACT. Whether defendant's train was run at a speed in violation of the city ordinance when it struck plaintiff upon a public crossing, and whether statutory signals were given of its approach to the crossing were questions for the jury, although the testimony of plaintiff on these questions stood alone and was contradicted by several witnesses for the defendant.

*Appeal from Dallas District Court.*—HON. EDMUND
NICHOLS, Judge.

THURSDAY, JUNE 16, 1910.

SUIT to recover damages for personal injuries. Verdict and judgment for plaintiff, from which the defendant appeals.—*Affirmed.*

*W. H. Bremner, White & Clark,* and *George W. Seevers,* General Counsel, for appellant.

*H. G. Giddings* and *W. H. Winegar,* for appellee.

SHERWIN, J.—The plaintiff was struck and injured by a south-bound freight train on the main track of the defendant's road within the corporate limits of the city of Perry. The accident occurred after dark, while the plaintiff was attempting to cross the appellant's tracks at a public street crossing. The plaintiff alleged that the train was being run at an excessive and high rate of speed and faster than six miles per hour, the limit of speed fixed by an ordinance of the city of Perry. It was also claimed that the appellant failed to give any alarm as its train approached the street crossing.

The plaintiff offered in evidence an ordinance of said city entitled: "An ordinance concerning railroads and

regulating the speed of their trains, prohibiting the obstruc-

I. MUNICIPAL CORPORATIONS: ordinances: single subject. tion of the streets and sidewalks by the same, making it unlawful for those not employed thereon to get on or off the same while in motion, making the same criminal and providing punishment therefor." The appellant objected to the. introduction of the ordinance on the ground that its title contained more than one subject, "and not a single subject or object as required by law, and therefore the ordinance is invalid." The objection was overruled, and section 1 of the ordinance which prohibited a greater rate of speed in the city than six miles per hour was read to the jury. The. appellant now takes the position that the ordinance is invalid because it contains more than one subject. Code, section 681, provides that "no ordinance shall contain more than one subject, which shall be clearly expressed in its title." An ordinance that contains more than one subject is invalid under this statute. *Dempsey et al. v. City of Burlington, et al.,* 66 Iowa, 687; *Water Co. v. City of Marion,* 121 Iowa, 318. Waiving the sufficiency of the appellant's objection to the introduction of the ordinance, we go to the validity of the ordinance itself. In addition to the section that we have already quoted, it contains provisions prohibiting the obstruction of streets, crossings or sidewalks for a longer period than five minutes at any one time, and fixes a penalty for its violation. It also prohibits any person not in the employ of the railroad company from getting on or off of a moving train, and prohibits any boy under the age of sixteen from getting on or off any car or engine without authority so to do from the railway company or his parents or guardian. The violation of any of the provisions of the ordinance is made a misdemeanor.

We are of the opinion that this ordinance does not contain more than one subject within the meaning of the statute. It relates solely to the operation of trains and the conduct of persons with reference thereto. It is not serious-

ly contended that two subjects are embraced in the sections prohibiting a greater rate of speed than six miles per hour, and prohibiting the obstruction of streets and walks. Prohibiting strangers and young boys from getting on or off the trains under certain conditions seems to us to be so closely related to the operation of trains as to be clearly embraced in the general subject. The purpose of the requirement that an ordinance shall contain but one subject is to prevent the practice of presenting in a single act subjects diverse in their nature with a view to effect a combination, "and thus secure the passage of several measures, no one of which would succeed upon its own merits." In *Dempsey v. Burlington, supra*, it was said that this provision does not forbid the enactment in a single ordinance of all the legislation which may be necessary to the accomplishment of a single object; and it was there held that an ordinance vacating an alley and granting the vacated land to a private person was not void under the statute. The same rule was announced in *State v. Wells*, 46 Iowa, 662, and in *Hanson v. Hunter*, 86 Iowa, 722. The ordinance in question here is well within the rule of the cited cases, and it was properly received in evidence.

Whether the train was running faster than six miles per hour when it struck the plaintiff, and whether signals were given of its approach to the crossing, are questions of fact which are rendered somewhat doubtful on account of the fact that the plaintiff was the only witness who testified that the train was going at a greater rate of speed than six miles per hour and that signals were not given, while five witnesses for the defendant contradicted him. There were, however, some undisputed conditions shown which tended to support the plaintiff's testimony as to the speed of the train. The plaintiff's testimony relative thereto was competent, and the credibility of all of the witnesses was a

2. RAILROADS: crossing accident: negligence: evidence: question of fact.

question for the jury alone. The jury evidently believed the plaintiff, and under the well-settled rule of our cases we are not at liberty to say as a matter of law that the verdict is wrong.

The judgment is *affirmed*.