# MARY BEIGLER v. MARSHALL W. CHAMBERLIN.[1]

## November 23, 1917.

## No. 20,589.

**Father's liability for support of abandoned children.**

> Where a father abandons his minor children and thereby compels their mother, his divorced wife, to care for and support them, the law will imply a promise on the part of the father to reimburse the mother for money spent in doing that which he ought to have done.

Action in the district court for Dodge county to recover $5,600 paid for the care, education and support of defendant's children during seven years. The case was tried before Childress, J., who made findings and

[1]Reported in 165 N. W. 128.

ordered judgment in favor of plaintiff for $1,600. From an order deny-ing his motion for a new trial, defendant appealed. Affirmed.

*Thomas Spillane* and *H. J. Edison,* for appellant.

*Norton & Norton,* for respondent.

QUINN, J.

This is an action by the divorced wife of defendant to recover for money paid by her for the support of their four minor children and to secure some provision for their future support. The cause was tried to the court and judgment ordered in favor of the plaintiff. From an order denying his motion for a new trial defendant appealed.

The plaintiff and defendant were married in March, 1895. There were born to them four children, their ages being 7, 13, 17 and 19 years at the time of the bringing of this action in April, 1916. In May, 1912, the defendant procured a decree of divorce from the plaintiff upon the ground of desertion. The decree made no mention of the children, nor was there any allowance to the wife for any purpose. For some time prior and at all times since the granting of the divorce, the children have been with their mother. It is conceded that the defendant has in no way attempted to gain the possession or custody of any of the children, nor has he in any manner contributed to their support or education, but has always refused so to do, except for a short time while their mother was confined to a hospital in Minneapolis.

Appellant contends that, under the law, the parents are equally liable for the support of their children, and they being under their mother's control, it thereby became her duty to support and care for them; that, in the absence of an express promise to reimburse her therefor, he is not liable; and that, when this duty has been performed by the mother alone, such promise cannot be inferred. With this con-tention made on behalf of defendant, we are unable to agree.

It does not appear, nor is it material, what the cause of separation be-tween defendant and his wife was. She left the home with her four children, ranging from 3 to 15 years of age. Defendant then obtained a divorce from the mother without mention of the children's names; he never asked for their custody or care, and has persistently refused and neglected to assist in their nurture. It is difficult to understand

how he could more completely abandon his own children. Primarily it was his duty to support them and give them care and protection, and, if he failed to do his duty in this regard, he would become liable to such persons as did furnish such care, maintenance and protection. The legal duty, in such case, is sufficient to raise an implied promise to make payment for the necessaries of life, whether for food, clothing or care. The plaintiff had no property and was compelled to do common labor in order to care for her children. The defendant had sufficient means for such purpose. We can see no good reason why he should not now be required to recompense the plaintiff for money spent in doing that which he ought to have done.

We hold that, where a father abandons his minor children, as was done in this case, and thereby compels their mother, his divorced wife, to care for and support them, he does not thereby relieve himself from such duty or from his liability for its performance by others. The law will imply a promise on the part of the father to pay for the nurture of his children by their mother. Spencer v. Spencer, 97 Minn. 56, 105 N. W. 483, 2 L.R.A.(N.S.) 851, 114 Am. St. 695, 7 Ann. Cas. 901. In the instant case the trial court found that plaintiff was entitled to recover from the defendant the sum of $250 per year for the six years immediately preceding the commencement of this action, less the sum of $100, paid by defendant, but denied plaintiff's claim for future support.

Affirmed.