### CLIFFORD TAPPAN v. AGNES C. TAPPAN.[1]

February 26, 1926.

No. 25,086.

**Divorced husband convicted of contempt for failure to pay $9 a week for support of his minor child.**

His earnings being from $20 to $30 a week and it appearing that he is able to support an automobile for pleasure purposes, appellant was properly convicted of contempt for failure to comply with a decree of divorce requiring him to pay $9 a week for the support of his minor daughter.

Contempt, 13 C. J. p. 102 n. 78.
Divorce, 19 C. J. p. 359 n. 84½, 85.

[1]Reported in 207 N. W. 617.

Plaintiff appealed from an order of the district court for Hennepin county, Baldwin, J., adjudging him guilty of contempt of court in failing to pay support money as adjudged in a decree of divorce and sentencing him to imprisonment for 60 days in the workhouse. Affirmed.

*E. J. Culhane,* for appellant.
*Robert Cowling,* for respondent.

STONE, J.

Action for divorce in which the decree went for defendant, the wife. Plaintiff was directed to pay her as support money for their minor daughter $9 per week. His payments being in arrears, plaintiff was ordered to show cause why he should not make the required payments or be adjudged in contempt of court. Upon the hearing, plaintiff was held guilty and sentenced to 60 days in the workhouse. An appropriate stay was granted for the purpose of enabling him to make his payments or appeal. He has chosen the latter course.

Plaintiff has not asked to have the divorce decree modified with respect to the payments required of him. Upon being cited for contempt, his own showing was that, as an automobile mechanic, he makes from $20 to $30 a week and somehow or other supports a Chevrolet touring car. Except for plaintiff's statement that he "uses it for going to and from places of employment," there is no suggestion that the machine is used for any purpose other than the owner's pleasure. It is immaterial that he got the machine at a very low price, but it is very material that he finds means of supporting it and at the same time cannot support his child. It borders on effrontery for him to plead the cost of "gasolene, grease" and such other "necessities" for his automobile as an extenuation for not contributing to the necessities of his child.

It has not been suggested that the order under review is one punishing for criminal contempt and therefore to be reviewed by certiorari rather than by appeal. See State v. Willis, 61 Minn. 120, 63 N. W. 169, and State v. Leftwich, 41 Minn. 42, 42 N. W. 598.

We assume that the order, like the one considered in Laff v. Laff, 161 Minn. 122, 200 N. W. 936, is in the main for the benefit of a party to the case rather than one imposing a penalty to vindicate the authority of the court. So construed, the order is appealable within the rule of the cases cited. State v. Searles, 141 Minn. 267, 170 N. W. 198. Otherwise, it could be reviewed only by writ of certiorari.

Order affirmed.