WISNIEWSKI *v.* WISNIEWSKI'S ESTATE.

1. LIMITATION OF ACTIONS—CONTINUOUS SERVICE.

Claim for continuous service rendered under oral contract and not closed until within six years before presentation is not barred by statute of limitations.

2. HUSBAND AND WIFE—HUSBAND MAY WAIVE CLAIM FOR WIFE'S SERVICES IN HOME.

Rule that services of wife in and about the home belong to husband may be waived by him.

3. SAME—WIFE ENTITLED TO RECOVER FOR SERVICES IN HOME WHERE HUSBAND CONSENTED.

Where contract for wife's services in home was made with her by express consent of her husband, she is entitled to recover therefor.

4. WITNESSES—HUSBAND AND WIFE—"OPPOSITE" PARTY—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

In wife's claim against estate of husband's father for services rendered under oral contract, husband, who was not party to contract, was not "opposite" party within meaning of statute (3 Comp. Laws 1929, § 14219), and therefore his testimony was not barred because equally within knowledge of deceased.

Error to Wayne; Sample (George W.), J., presiding. Submitted April 21, 1931. (Docket No. 7, Calendar No. 35,487.) Decided June 1, 1931.

Claim by Mary Wisniewski against the estate of Joseph Wisniewski, deceased, for care and maintenance of deceased's daughter. From disallowance of the claim in probate court, plaintiff appealed to the circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*L. Eugene Sharp* (*Gladys Catherwood,* of counsel), for plaintiff.

*Abbott & Coulter,* for defendant.

WIEST, J. This is a claim against an estate for care and maintenance of a daughter of the deceased from the time she was six years of age until she was 16; from October 1, 1913, to December 22, 1923, under an oral agreement for compensation at $5 per week, no part of which was paid. Trial was by jury with verdict and judgment thereon for plaintiff. Plaintiff is the wife of a son of the deceased, and the little girl was cared for and supported in the home of plaintiff and her husband.

Defendant gave notice of the statute of limitations, and contends that in no event can plaintiff recover for support furnished more than six years before filing the claim. Under the alleged contract the pay at the rate of $5 per week was for a continuous service which was rendered and not closed until within six years before presentation of the claim. The point is without merit. *Carter* v. *Carter*, 36 Mich. 207.

Defendant also invokes the rule that household or home-rendered services of the wife belong to the husband, and the claim here made is for services rendered in the home, and, therefore, in law, the claim is that of the husband. The evidence justified the jury in finding that the contract was made with plaintiff, not only by express consent of her husband to that effect, but, as well, in directing his father to make the contract with her. The rule that services of the wife in and about the home belong to the husband is not one beyond the power of the husband to waive. A husband may, by his consent, permit the wife to contract for special services to be rendered another in their home and to receive pay therefor. Cogent reasons existed for consent in this instance by plaintiff's husband; the little girl was his sister; her mother was dead; she needed a

home and a woman's care and oversight, he was incapacitated by long-continued illness from earning enough to maintain his home and his wife was, in fact, the breadwinner.

The court instructed the jury to disallow the claim if the contract was between plaintiff's husband and his father. The court also instructed the jury:

"If you find that it was a joint contract between Frank Wisniewski and Mary Wisniewski, in which Frank Wisniewski, the husband, did not waive his right to remuneration, then you would also disallow the claim."

Objection was made to any testimony by the husband of plaintiff. The testimony of Frank Wisniewski, on direct examination, did not come within the statute (3 Comp. Laws 1929, § 14219) prohibiting an opposite party from testifying to matters equally within the knowledge of the deceased, so the objection, when made, was properly overruled. On cross-examination, however, Frank Wisniewski gave contradictory testimony. No motion was made to strike out all of his testimony, and his re-direct examination again disclosed the inapplicability of the statute. We find no request for instruction to the jury on this subject. The court was right under the state of the record at the time the ruling was made. The verdict was not excessive in amount nor against the clear weight of evidence.

The record presenting no reversible error, the judgment is affirmed, with costs to plaintiff.

Butzel, C. J., and Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.