# CLARA KNUTSON v. ANTON HAUGEN.[1]

April 20, 1934.

No. 29,844.

*Grady & Grady,* for appellant.

*F. C. Massee* and *Edgar A. Massee,* for respondent.

[1]Reported in 254 N. W. 464.

*LORING, Justice.*

In a suit to recover for the care, support, and education of a minor child the plaintiff recovered a verdict against the father, who has appealed from an order denying his motion for a new trial.

The defendant was married to the plaintiff's sister in 1909 and in February, 1910, a girl baby named Tena was born of that marriage. In August, 1910, the defendant left his wife and child and went to Canada, where he established himself as a farmer and became well to do. The child's mother subsequently obtained a divorce and was awarded the custody of the child. No provision was made for its support. In 1918 the mother died, and the plaintiff took Tena to her home and cared for her, supported her, and educated her through the grades, high school, and college. In 1923 the plaintiff took the child with her to see the defendant in Canada and requested him to contribute to the child's support. While admitting his ability to do so, the defendant absolutely refused. Tena reached her majority in 1928, and thereafter, while the defendant was temporarily in Minnesota, this suit was commenced.

The liability of the defendant to pay for the support and education of his child is admitted, but he claims that the statute of limitations precludes the plaintiff from recovering for the period prior to a date six years before the commencement of this action. The trial court took the position that plaintiff was not barred by the statute but could recover for the entire period during which she had supported the child. The jury found in favor of the plaintiff in the sum of $7,500, which the trial court reduced upon motion to $5,500.

The defendant set up the statute of limitations of Alberta [Rev. St. Alberta, 1922, c. 90, § 2], the province in which he resided, which requires that all actions for recovery of "merchants' accounts, bills, notes, and all actions of debt grounded upon any lending or other contract without specialty shall be commenced within six years after the cause of such action arose and not afterwards." It is conceded that the father's liability to support his child is the same in Alberta as here. The question upon which this point turns is whether or not the obligation sued upon is continuing and entire

and in consequence terminated only at the majority of the child Tena.

Plaintiff cites Carroll v. McCoy, 40 Iowa, 38, 40, in which the court had before it a suit to recover for the support of a child taken at the request of its father and cared for and educated by the plaintiff. The statute of limitations was set up, but it was held that the contract was entire and not from year to year and continued until such time as it should be terminated by the parent or until the child arrived of age. The action was held not to be barred by the statute of limitations as to that part of the support given more than the statutory period prior to its commencement.

Linnemann v. Kirchner, 189 Iowa, 336, 339, 178 N. W. 899, was a suit upon a contract to pay for the support of minor wards. The agreement expressed no time for termination or for payment, and it was held that the plaintiff could properly defer the beginning of action until the contract had been entirely performed.

Wisniewski v. Wisniewski's Estate, 254 Mich. 663, 236 N. W. 899, was a claim for the care and maintenance of the daughter of the deceased for the ten years of her life between the ages of six and sixteen years. The plaintiff was the wife of a son of the deceased, and the little girl was cared for and supported in the home of the plaintiff and her husband. The defendant set up the statute of limitations and contended that no recovery could be had for more than six years prior to the filing of the claim. Recovery was allowed upon a contract for a continuous service which was [254 Mich. 664] "rendered and not closed until within six years before presentation of the claim."

The defendant makes the point that in all of the foregoing cases recovery was allowed on contract and that in the case at bar there is no contract but an express repudiation on the part of the defendant of all willingness to pay for the support of his child. The law imposes upon a father an obligation to support his minor children. In Beigler v. Chamberlin, 138 Minn. 377, 165 N. W. 128, L. R. A. 1918B, 215, this court said that the law will imply a promise on the part of the father to pay for the nurture of his children, citing Spencer v. Spencer, 97 Minn. 56, 105 N. W. 483, 2 L.R.A. (N.S.) 851,

114 A. S. R. 695, 7 Ann. Cas. 901. As said in 1 Parsons, Contracts (8 ed.) page 4:

"Whatsoever it is certain that a man ought to do, that the law supposes him to have promised to do."

This language was cited with approval by this court in Town of Balkan v. Village of Buhl, 158 Minn. 271, 274, 197 N. W. 266, 268, 35 A. L. R. 470.

Is there, then, any distinction as far as the statute of limitations is concerned between the *quasi* contractual obligation here under consideration and an expressed contract or one implied from conduct, where no terms are fixed as to the termination of the contract or as to the manner of payment. Certainly the law fixes no time for periodical payment or any time for the termination of the parent's obligation other than the majority of the minor. In the Town of Balkan case this court characterized a *quasi* contractual obligation as being [158 Minn. 275] "precisely like a contract as to method of enforcement and result upon the parties." Notwithstanding the defendant's expressed declaration that he would not pay, we think that the situation is exactly as if the defendant had made an express request of the plaintiff to care for, support, nurture, and educate his child without specifying any periodical payments therefor or any termination of the contract other than her majority. No time being fixed for the payment or for the termination of the obligation until the majority of the minor was reached, any obligation imposed upon the defendant by law was not from month to month or year to year but was entire and continuing and terminated at majority. The plaintiff was at liberty so to treat it and defer action until then. In Carroll v. McCoy, 40 Iowa, 38, 40, the supreme court of Iowa pointed out the distinction between this class of obligations and a contract or account for personal services where periodical payments were customarily provided in the arrangement. The court closes its remarks on this point with the statement [40 Iowa, 40]:

"But no such custom is known to exist where services of the kind sued for in this case are rendered."

The defendant also points out that in Beigler v. Chamberlin, 138 Minn. 377, 165 N. W. 128, L. R. A. 1918B, 215, recovery was permitted by the trial court only for the six years immediately preceding commencement of the action; but in that case the plaintiff, having prevailed in the trial court as to six of the seven years' support sued for, did not appeal. Consequently the point on the statute of limitations was not presented there.

■ The defendant now contends that plaintiff gratuitously assumed responsibility for the support of Tena without expectation of compensation. The record does not compel such a conclusion, and the case was submitted to the jury without a request covering this point and no exception was taken to the charge except on the statute of limitations. The record does not present the question.

■ The next point presented by the defendant is that the verdict as reduced is excessive. It amounts to something over $45 per month or a little over $550 per year. There is no contention that defendant is unable to pay, nor was there a request to charge the jury that recovery must be limited to what was reasonable under his circumstances. Nevertheless a careful scrutiny of the record convinces us that even as reduced the verdict is still so excessive as to require a new trial on the question of amount of recovery only, unless the plaintiff consents within 20 days from the receipt of the remittitur in the lower court to a reduction of the verdict to $4,500.

The order appealed from is so modified.