MYRTLE M. RYERSON v. NELSON R. RYERSON.[1]

April 26, 1935.

No. 30,154.

[1]Reported in 260 N. W. 530.

A. R. A. *Laudon*, for appellant.
*Joseph P. O'Hara*, for respondent.

PER CURIAM.

On a motion for an order that defendant be adjudged guilty of contempt for failure to comply with a divorce decree requiring the defendant to pay to the plaintiff the sum of $75 per month as and for support of herself and their children, the court adjudged defendant guilty of contempt and gave him a suspended sentence of 30 days in jail therefor.

The division of property and the provisions for alimony and support in the original decree were arrived at by stipulation which appears to have been generous in its terms toward the plaintiff. The defendant, at the time of the hearing in the lower court, was in default to the extent of $600 on the monthly payments provided for in the decree. It appears that during the period of time while this default was accumulating the defendant had earned or otherwise received over $1,600 which he had applied to other purposes. When the motion was before the court to adjudge him in contempt he made a counter motion to be relieved of the past due instalments of alimony and support and to have the monthly instalments reduced. The court reduced the monthly instalments to $37.50 but refused to relieve the defendant of the obligation to pay the past due instalments. He did, however, suspend the sentence of contempt on the condition that the reduced instalments be paid. In view of the fact that the monthly instalments upon which he is in default covered not only alimony to the plaintiff but a provision for support of the two minor children, we think that the trial court was well within its powers and within a sound exercise of discretion in refusing to relieve the defendant of his obligation for the past due alimony and was sufficiently considerate of defendant's circumstances in suspending the sentence. A party guilty of contempt may not purge himself by showing that he has voluntarily placed himself in a position where he is unable to conform to the court's

order, when, under circumstances like those here before us, he has allowed the means of complying with that order to pass through his hands and out of his control. 13 C. J. p. 18, § 23; Haines v. Haines, 35 Mich. 138; Staples v. Staples, 87 Wis. 592, 58 N. W. 1036, 24 L. R. A. 433.

Affirmed.

