HILDA T. QUIST (NOW HILDA T. La BEAUX) v. ERNEST T. QUIST.[1]

March 1, 1940.

No. 32,308.

[1]Reported in 290 N. W. 561.

*I. W. Stark,* for appellant.
*Arthur T. Nelson,* for respondent.

PETERSON, JUSTICE.

This is an application heard below on July 11, 1939, for a reduction in the amount of future payments and the cancellation of accrued allowances for the support of a minor child of the parties.

The action was commenced by personal service of the summons and complaint on defendant. Among other things, plaintiff alleged in the complaint that defendant was earning $140 per month, and prayed for the custody of the child and an allowance for its support. Defendant did not answer or otherwise appear. The court found that defendant earned about $30 per week and that $7 per week was a reasonable allowance for the support of the child. The divorce decree dated March 30, 1931, awarded plaintiff the custody of the child and $7 per week for its support.

Defendant did not comply with the terms of the decree. In May, 1937, plaintiff instituted contempt proceedings against him to compel compliance with its terms, claiming that he was then in arrears in the sum of $1,627.25. He paid $200 to apply on the amount then due.

In May, 1939, plaintiff again instituted contempt proceedings to compel defendant to comply with the decree. On June 15, 1939, defendant was adjudged in contempt and sentenced to ten days in the county jail.

Then this proceeding was commenced. The court below found that he was in arrears at the time of hearing approximately $1,700, reduced the amount of the arrearage to be paid to the sum of $400, and ordered defendant to pay to the probation officer the sum of $9 per week, of which $5 was to be paid to plaintiff for the support of the child and $4 was to be put in a savings account in trust for the child, subject to withdrawal only on the

order of the court. While the order is not clear, it apparently provides that the $4 weekly bank deposits shall continue until the sum of $400 has been deposited in the bank. The effect of the order is to give the $400 to be paid for accumulated arrearages to the child rather than to plaintiff. Upon compliance with the terms of the order defendant was to be relieved of all obligation to pay the defaulted weekly payments.

Defendant in support of his application did not show any change in his income making him less able to pay. His weekly income was as follows: 1931 and 1932—$30; 1933—$25; 1935—$25; 1936—$30; 1937—$30 to $35; 1938—$43; and 1939—$45. In 1934 he claimed that he was in business for himself and barely made a living. At the time of the divorce he gave plaintiff their household goods and furniture valued at $500 and a restaurant valued at $1,000. He also urged that plaintiff has remarried and received help from her husband and for a time public relief. Defendant since the divorce has remarried and purchased two automobiles and a home. He was still paying for one of the automobiles and the home at the time of the hearing.

The law is well settled that to warrant a modification of an allowance fixed by a divorce decree there must be proof of such a substantial change in the situation of the parties from that in which they were when the decree was rendered as to justify a modification. Sufficient cause must have intervened since the decree for changing the allowance. Vassar v. Vassar, 204 Minn. 326, 283 N. W. 483. Here the showing is that defendant's income has increased and that he is better able to pay for the child's support than he was at the time the decree was rendered, except of course for his own subsequent voluntary acts. These are no excuse. Ryerson v. Ryerson, 194 Minn. 350, 260 N. W. 530. Subsequent marriage of a divorced husband is his voluntary act, which is his right, but not a circumstance which warrants a modification of allowances in a divorce decree for his wife and child. Such allowances have a fixed and prior claim on the earnings of the divorced husband. He has no option as to compliance with

the decree and is powerless to rid himself of its obligations by his own voluntary act. He cannot substitute the new obligations of his own choice arising from a subsequent marriage for those which the decree imposed upon him as arising from the prior marriage. Kelly v. Kelly, 194 Mich. 94, 160 N. W. 397; Smith v. Smith, 139 Mich. 133, 102 N. W. 631; Winter v. Winter, 95 Neb. 335, 145 N. W. 709, 50 L.R.A.(N.S.) 697. See 19 C. J. p. 276, § 627; 17 Am. Jur., Divorce and Separation, § 656.

The property given to the wife at the time of the divorce is not to be considered as support for the child, since it was not claimed to have been given for such purpose and there is no showing that it was so given.

The procurement of necessaries for his automobile does not excuse failure to furnish necessaries for his child. In Tappan v. Tappan, 166 Minn. 263, 207 N. W. 617, we said that the assertion of such a claim borders on effrontery.

Where the divorced husband, as here, with full knowledge of the facts, sits by without requesting a revision of the decree, "he has not much claim upon judicial discretion as to the instalments accruing in the meantime." Hartigan v. Hartigan, 142 Minn. 274, 278, 171 N. W. 925, 927.

Defendant's showing was entirely inadequate to justify any modification of the decree.

If any revision of future allowances should be made, it is to be remembered that the payments are to be to the wife for the support of the child and not to the child for its benefit, either directly or to a trustee to be accumulated for it. The duty of supporting a child rests primarily on the father, even after divorce of the parents. Where the decree is silent with respect to the matter, the divorced mother has a cause of action against the divorced father *quasi ex contractu* for support furnished the child arising out of the natural and legal duty of the father to support and care for his child. Where the divorce decree provides for an allowance, as here, it only determines as between the parties the amount which the divorced father shall pay. Spencer v. Spencer,

97 Minn. 56, 105 N. W. 483, 2 L.R.A.(N.S.) 851, 114 A. S. R. 695, 7 Ann. Cas. 901. See Beigler v. Chamberlin, 138 Minn. 377, 165 N. W. 128, L. R. A. 1918B, 215; Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971.

The order should be reversed.

Plaintiff is allowed $50 attorney's fees in this court in addition to the taxable costs and disbursements.

Reversed.