KATHLEEN LOUISE LARKIN v. JOSEPH FRANCIS LARKIN.

113 N. W. (2d) 75.

January 5, 1962—No. 38,312.

*Burns & Allen,* for appellant.
*Larkin, Hoffman, Daly, Corcoran & Lindgren,* for respondent.

MURPHY, JUSTICE.
This case comes to us on appeal from an order of the trial court granting in part and denying in part the plaintiff's motion to amend

a decree of divorce with reference to support payments and medical expense of the parties' minor children.[1] The order increased the monthly support payments required to be made by the defendant from $40 to $100 per month. It denied the plaintiff's application for an order requiring defendant to pay future medical expenses for said children and for reimbursement of medical expenses already incurred in behalf of one of the children. It is contended by the plaintiff that the court abused its discretion by failing to increase support money to at least $150 per month and by failing to order payment to her by the defendant of money already expended and to be expended for medical care of the children.

From the record it appears that the parties were married on December 15, 1939. Two children were born of the marriage. At the time of the hearing Kathleen was 17 and Linda 15. On January 15, 1947, a decree of absolute divorce was entered by which the plaintiff was awarded custody of the two children. The decree required the defendant to pay $40 per month as support money. The decree provided that the plaintiff was not entitled to "alimony from the defendant, nor any interest in his property." The plaintiff remarried in August 1947. She lived with her second husband less than a year, during which time he failed to support her or the children. Her second husband died in 1959, leaving no estate. The children, however, have used the name of the second husband.

Through the years the plaintiff has worked as a secretary and at the date of trial was employed in that capacity at a salary of $400 per month. She now owns a $1,000 equity in a $14,000 home and has a 1957 Chrysler automobile. Her older daughter, Kathleen, was employed for the summer in a food store. She expected to enter the Uni-

---

[1] The petition was made pursuant to Minn. St. 518.64, which grants the court the power to "revise and alter such order or decree respecting the amount of such alimony, or support money, * * * and may make any order respecting these matters which it might have made in the original action * * *." Section 518.18 grants the court the power to "revise and alter such order concerning the care, custody, and maintenance of the children, * * * as the circumstances of the parents and the benefit of the children shall require."

versity of Minnesota for the term following the hearing. The younger daughter has suffered from abnormal dehydration which has necessitated hospitalization and medical expense. This condition has existed since at least 1952. The plaintiff insists she has incurred expense in the sum of $3,197.06 in connection with this illness. A substantial part of this amount includes insurance premiums paid by plaintiff for medical and hospital protection. It does not appear that the insurance coverage was limited to the two children of the parties. The plaintiff claims the anticipated cost of caring for the two children is somewhere between $1,560 and $2,640 per year. Further expenses in connection with Linda's illness may be expected.

At the time of the divorce the defendant husband was employed as a milkman at a salary of $4,200 per year. On January 1, 1955, he became clerk of the state supreme court at a salary of $7,300 per year. Because of a change in the law, he was permitted to hold this office only until December 1956. From that date until January 1, 1959, he was employed as deputy clerk. During 6 months of this period he was paid $5,200 per year, and for the remaining period he was paid $7,300 per year. During the time he was employed in the office of the clerk of the supreme court, he voluntarily increased his payments for support of the minor children to $75 per month. At the time of the proceedings below, the defendant was employed in the office of the Hennepin County auditor earning $415 per month gross and was paying the plaintiff $60 per month as support allowance. Under the order amending the original decree from which the plaintiff has taken this appeal, the defendant is required to pay the plaintiff $100 per month until the younger daughter, Linda, reaches the age of 21 or is married or self-supporting.

The defendant was married to his present wife in 1948. She was a widow with one child, now 17 years of age. There are four children of this marriage, ages 11, 7, 5, and 1. The defendant supports his father and provides a home for him.

It appears from the record that the defendant and his present wife have a net worth of $25,000. Of this amount the present wife contributed $10,000, which was the proceeds from the sale of her home. Their assets consist of an equity in a farm, which at the time of trial

was not producing an income; an equity in a 20-acre tract on which a two-bedroom home has been built by defendant, partly with his own labor; and a payment due March 1, 1961, on the sale of certain real estate which the defendant received as a gift from his father.

The plaintiff's first contention is that the order allowing $100 per month for the support of the children is so inadequate as to amount to an abuse of the court's discretion. She argues that her actual expenses in connection with the care and support of the two girls far exceeds that amount. It is well recognized that a petition to modify provisions of a divorce decree is addressed to the sound discretion of the court. This discretion is to be exercised with great caution and only upon clear proof of facts showing that the circumstances of the parties are markedly different from those in which they were when the decree was rendered. The decision will be reversed only for an abuse of discretion and not simply because as a court of review we would have arrived at a contrary result had we heard the matter de novo. Mark v. Mark, 248 Minn. 446, 80 N. W. (2d) 621; Plankers v. Plankers, 178 Minn. 31, 225 N. W. 913; Mansfield v. Mansfield, 230 Minn. 574, 42 N. W. (2d) 315; Holmes v. Holmes, 255 Minn. 270, 96 N. W. (2d) 547. While it is the primary duty of the father to support the minor children, the amount of such support must be in keeping with his income and ability to provide for them. Holmes v. Holmes, *supra*. We cannot say on the basis of the record before us that the court abused its discretion in failing to fix an amount greater than $100 per month for support money and future medical and hospital expenses of the minor children. Nor can we say the court abused its discretion in denying plaintiff relief by way of reimbursement for money she has expended in connection with the minor child's illness.

It appears from the record that with the $100 monthly payment from the defendant the plaintiff will have a gross income of $500 per month. On the other hand, the record establishes that after payment of the support money required by the order the defendant will have a gross income of $315 per month. The court could well have come to the conclusion that the defendant would have difficulty in making ends meet without disposing of the equities he and his present wife had acquired in property since their marriage. It is true that the record

shows that the defendant and his present wife have a net worth of $25,000. The trial court apparently recognized that of this amount the defendant's present wife had made a substantial contribution and that in return for the real estate acquired from his father defendant has assumed an obligation to support and provide a home for his father. Apparently the trial court came to the conclusion that the defendant should not be required to liquidate or otherwise dispose of the equity he and his present wife have acquired in property and that the $100-a-month allowance, which is an increase of $60 per month over the amount originally fixed, was the extent to which the defendant's income reasonably could be burdened. While the court recognized that the obligation of the defendant to support the children by the prior marriage is not affected by the divorce[2] nor his obligation to support the children of his present marriage, nevertheless, it was not unreasonable for the court to determine that the amount of such contribution should not be taken out of assets which the husband acquired with the aid, help, and contributions of the wife during the second marriage. Moreover, the court could properly consider the defendant's obligation to his present wife, their children, and his father.

A good part of the briefs of the parties is devoted to a discussion relating to the power of the court to make an order providing retroactively for restitution to the mother of doctor and hospital bills paid in behalf of the minor child. It is the contention of the defendant that his liability was established by the terms of the original decree and that either it is not within the power of the court to retrospectively impose the obligation to pay the medical expenses incurred or, if within its power, it is a matter within its discretion, properly exercised in this case. We pointed out in Jacobs v. Jacobs, 136 Minn. 190, 199, 161 N. W. 525, 529, L. R. A. 1917D, 971, 975:

"* * * The duty of the father to provide for his children continues whether he retains custody of them or not, unless the court, in some proceeding in which that question was involved and determined, has

---

[2]Mund v. Mund, 252 Minn. 442, 90 N. W. (2d) 309; Fruen v. Fruen, 228 Minn. 391, 37 N. W. (2d) 417.

made express provision for their support of such a nature as to relieve him from liability other than therein provided."

It is the contention of the defendant that the common-law obligation of the divorced father to support his children is incorporated into the statutory scheme and that where the divorce decree provides for support payments the extent and amount of his liability is determined by that instrument. It seems to be the general rule that in the absence of exceptional circumstances an order determining the obligation of support, applied retroactively, is either beyond the power of the court, or the court should refuse to make the order on grounds of fairness.[3] We do not consider that the issue is before us. On the record it does not appear that the court denied the relief because it did not have the power to grant it. The trial court determined in the exercise of its discretion that the increase of $60 per month was under the circumstances the limit of the relief to which the plaintiff was entitled. Although the court might well have taken these past expenditures into consideration and have provided a larger allowance, he chose not to do so.

While we do not wish to say that there are no situations in which a wife with custody of the children would be entitled to be reimbursed in whole or in part for extraordinary and unforeseen expenses, depending upon the husband's financial circumstances, we are of the view that the result here should be sustained since we cannot say that the trial court abused its discretion under the particular circumstances of this case.

It is, accordingly, determined that the order below be affirmed, and since the appeal therefrom was taken in good faith it is ordered that the plaintiff recover from the defendant attorney's fees and disbursements in this court in the amount of $350 and that neither party recover from the other any costs or disbursements other than as here determined. Gerard v. Gerard, 216 Minn. 543, 13 N. W. (2d) 606.

Affirmed.

---

[3]Annotations, 6 A. L. R. (2d) 1277, note V, and 7 A. L. R. (2d) 491.

DELL, CHIEF JUSTICE (dissenting).

Plaintiff insists and the record shows that she incurred expenses amounting to $3,197.06 due to the illness of the younger daughter of the parties, an illness which has existed since 1952 and in all likelihood will continue. This will mean additional medical and hospital expenses for plaintiff to pay.

As we pointed out in Beigler v. Chamberlin, 138 Minn. 377, 165 N. W. 128, L. R. A. 1918B, 215, it is the *primary duty* of the father to support his minor children.[1] This includes his obligation to pay all necessary expense arising out of and required by the child's illness, unless, in the case of divorce, that obligation is put upon the mother by the judgment of divorce and sufficient support money is allowed and paid to her for that purpose to discharge such obligation. That was not done here.

The record shows that defendant and his present wife have a net worth of at least $25,000. Of this amount his present wife contributed $10,000, which she received from the sale of her home. His assets consist of an equity in a farm, an equity in a home, a valuable 20-acre tract, and payments due him from time to time on the sale of real estate given to him by his father.

At the time of the divorce in 1947 plaintiff received no alimony nor any interest in defendant's property. The court at that time awarded to her $40 a month as support money for the parties' two minor children, their custody having been given to the mother.

For a period of 4 years from January 1, 1955, with the exception of 6 months, defendant received a salary of $7,300 a year during which time he was either clerk or deputy clerk of the Supreme Court of Minnesota. During that period he paid plaintiff support money of $75 a month and prevailed upon her, she claims, not to seek any further relief for fear it would interfere with his position. Thereafter he was employed in the office of the county auditor of Hennepin County and reduced his support money from $75 to $60 a month.

[1] See, also, Holmes v. Holmes, 255 Minn. 270, 96 N. W. (2d) 547; De Brauwere v. De Brauwere, 203 N. Y. 460, 96 N. E. 722, 38 L. R. A. (N. S.) 508; Smith v. Smith (Mo. App.) 300 S. W. (2d) 275.

Plaintiff now receives from him but $100 a month support money which sum she will, in all likelihood, be required to use, as far as it will go, for the payment of future medical and hospital expenses of their younger daughter. This daughter suffers from a dehydration disease which will require medical attention and hospitalization hereafter from time to time.

Here, under the order of the court, the defendant, with property worth at least $15,000, and regularly employed at a substantial salary, was relieved, not only from paying any part of the $3,197.06 medical and hospital expenses necessarily incurred by the plaintiff for their unfortunate child, but in the future she will be required to pay the child's medical and hospital bills as they arise with no contribution from the defendant other than what can be saved out of this additional $40 a month support allowance.

At the time of the divorce in 1947 both children were entirely well. These medical and hospital bills are, therefore, extraordinary and unforeseen expenses arising from exceptional circumstances. As such the defendant should, at least, be required to pay a part of them. That is also true as similar expenses are incurred from time to time in the future. For the trial court to, in effect, compel the wife to pay this $3,197.06 alone, and to pay similar expenses in the future as they arise, is not only wrong but, in my opinion, is a clear abuse of discretion. I, therefore, dissent.

THOMAS GALLAGHER, JUSTICE (dissenting).

I concur in the dissent. I do not think the entire burden of medical expense should fall on the wife.