LAFAYETTE R. BURCH v. WILLIAM H. WOODWORTH,
ADMINISTRATOR.

*Sawing contract—Joint agent—Statute of limitations.*

The *real* controversy in this case seems to have turned almost
entirely on the question of the statute of limitations, upon
which the court charged properly, and the verdict cannot be dis-
turbed on account of it. An examination of the opinion is
essential to a correct understanding of the points decided.

Error to Ionia. (Smith, J.) Argued October 20, 1887.
Decided March 2, 1888.

Assumpsit. Defendant brings error. Affirmed. The
facts are stated in the opinion.

*A. A. Ellis,* for appellant.

*Frank F. Kutts* and *D. E. Corbitt,* for plaintiff.

CAMPBELL, J. This was an action to recover a balance
due under a contract to cut logs and manufacture them into
shingles and lumber. The agreement was made between
John H. Anderson and Lorenzo W. Chubb, October 23, 1876,
and Burch is Anderson's assignee, and claims to have fur-
nished both lumber and shingles not paid for. The material
part of this contract was as follows: Anderson was to cut the
logs on a lot mentioned, and saw and deliver shingles and
lumber, at two dollars a thousand for shingles of the speci-
fied sizes and quality, and five dollars a thousand for lumber
sawed as directed. Shingles were to be paid for as fast as
100,000 were delivered, and lumber as fast as each 50,000
feet were delivered. The logs were to be cut clean,—which
was defined as including all logs ten inches through at the
top end, and all logs half sound measuring twenty inches at

the top end. The cutting was to begin at the west end, and cut clean, and to include at least a million, and not more than a million and a half. It was agreed that Oscar House should sort the logs for lumber and shingles, to be sawed as he should direct, and estimate the lumber and count the shingles, and his account should be the final settlement between both parties,—his expenses to be borne by Anderson.

The printed record does not give the date of the beginning of the suit, but it appears to have been in 1885, so that any items arising prior to 1879 would be more than six years before suit. The items of 1879 were all within six years.

Defendant pleaded the general issue, with notice of set-off and limitations. The plaintiff recovered below, and defendant brings error for alleged misdirections.

Plaintiff proved cutting 1,184,000 shingles and 134,000 feet of lumber, all counted by House, who kept the accounts. This completed estimate was made by Mr. House in December, 1879, up to which time he had been paid $2,553. This would leave a trifle less than $500 unpaid, on which interest would run from that time.

It seems that, except in 1877, plaintiff was paid for shingles at the end of each year, ostensibly for each 100,000 delivered, except in 1879, when the amount counted was about 84,000. In 1877, however, defendant retained $197 for alleged defective shingles. The lumber furnished in 1879 was 34,000 feet. Most of the cutting that year was done for plaintiff by Davis and Porter. All that they cut was from logs of Chubb in the pond, and they reached, as made by Porter, twenty-eight thousand, and by Davis, fifty odd thousand. The few shingles cut by plaintiff in 1879 were from logs not inspected, but obtained on the land of Chubb. Anderson swore that he put in over a million feet of logs.

There was a dispute of testimony between House and

plaintiff concerning the delivery and computation in 1879, and some other conflicts of testimony.

The case took a somewhat peculiar turn, as the judge charged the jury first on the theory that some recovery at least could be had under the contract, and subsequently changed his rulings, and held there could be no such recovery.

Some objections were made to rulings on the trial. Among others, errors are assigned on the reception of testimony of House's estimate made in 1879. We can see no reason why this was not proper. We cannot pass on the weight of disputed facts, but there was evidence connecting this with a final estimate of logs and shingles furnished that year. The further objection that he could not estimate, nor plaintiff recover for, less than 100,000 at a time, is not well taken. It could hardly be possible that logs cut would result in any exact multiple of 100,000; and plaintiff could recover for all that he furnished. And, as already suggested, the testimony is not for us, but for the jury to weigh it; and as their verdict is in favor of plaintiff's showing throughout, and against defendant's showing, we cannot lose sight of this in examining the errors assigned.

It cannot justly be claimed that plaintiff had no right to rely on House's statements. He was the sole referee, and the only person who knew the exact state of the account, and he was for that purpose the common agent of both parties. His denials as a witness could not be conclusive against the testimony of other witnesses. We cannot find any admission or rejection of testimony which defendant could object to as illegally ruled on to his prejudice.

We have searched the record, and cannot find any part of plaintiff's claim that was not admissible under the contract, and do not quite understand on what principle the charge was so changed as to hold otherwise. The shingles furnished in 1879 were mostly sawed from inspected logs, and approved

by. House. A few thousand, not exceeding in value $10, were sawed from logs not inspected. But if they passed House's inspection, and came from the proper land, this could not be material. The rest were sawed by Davis and Porter, but the contract does not require any particular person to saw them. If it did, it would have been Anderson, and not plaintiff. The only important thing was that they should pass approval in size and quality.

The only question left in doubt is whether the statute of limitations cut off all but payment for the shingles and lumber furnished in 1879. The court below took the view that, if anything was done and accepted in 1879, it left plaintiff at liberty to recover all arrearages. The only item so recovered was a balance of $197 withheld by Chubb on the pretext that shingles furnished in 1877 were defective. It is not claimed that House did not approve those shingles, or at any rate the finding of the jury is otherwise.

There was testimony tending to prove that the whole business under the contract was figured up by Mr. House in 1879, and ascertained as an entirety. If the shingles and logs furnished in 1879 were delivered under the contract, the charges asked by defendant's counsel admit that the action was not barred, and we can see nothing in the case to the contrary. But under the charge given, which left the jury to find the amount due by value as not earned under the contract, the case would not be different. The contract price is the only price or value shown, and it was shown payments had been made on that basis. This being so, and the transactions having been continuous, and if, as plaintiff claims, he had not been fully paid up previous to 1879, there was nothing to set the statute in motion. The real controversy seems to have turned almost entirely on this question of limitations, upon which the court charged properly, and the verdict cannot be disturbed on account of it. Reduced to

its true issues, the record is not complicated, and we see no reason to think the jury has not dealt with it properly.

The judgment should be affirmed.

SHERWOOD, C. J., and CHAMPLIN, J., concurred. MORSE, J., did not sit.