THE HANOVER INSURANCE COMPANY v ELEVEN AND ONE-
HALF MILE DRAINAGE DISTRICT

1. LIMITATION OF ACTIONS—COMPUTATION OF PERIOD.

The statute of limitations does not begin to run on a claim until the wrong upon which the claim is based was done (MCLA 600.5827).

2. LIMITATION OF ACTIONS—CONTRACTS—CONTINUOUS SERVICES—COMPUTATION OF PERIOD.

An action for breach of a contract which required continuous services for performance was not barred by the statute of limitations where the six-year period had not yet run since the conclusion of the services (MCLA 600.5807).

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 February 5, 1974, at Detroit. (Docket No. 15842.) Decided April 29, 1974

Complaint by The Hanover Insurance Company, assignee, against the Eleven and One-Half Mile Drainage District, Thomas S. Welsh, Chairman, Intra-County Drainage Board, and Macomb County Drain Commissioner, Members of the Intra-County Drainage Board, the Intra-County Drainage Board for Macomb County, Michigan, and Arnold F. Rochensuess, Deputy Drain Commissioner and an officer of the Eleven and One-Half Mile Drainage District for damages resulting from breach of contract. Accelerated judgment for defendants. Plaintiff appeals. Reversed and remanded for trial.

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 107 *et seq.*

[2] 51 Am Jur 2d, Limitation of Actions §§ 107, 126–134.

*McInally, Rockwell & Brucker* (by *Wilbur M. Brucker, Jr.,* and *Pieter van Horne),* for plaintiff.

*Howard E. Snapp,* for defendants.

Before: BASHARA, P. J., and DANHOF and R. L. SMITH,* JJ.

SMITH, J. This is an appeal from an accelerated judgment granted defendants. The facts are not in dispute. Louis Garavaglia Contractors, Inc., were low bidders on a contract for the construction of the Eleven and One-Half Mile Relief Drain located in the City of Roseville and the City of St. Clair Shores, Michigan. Accompanying the advertisement for bids were certain test boring reports of subsoil conditions in the area. Garavaglia was awarded the contract and assigned its interest in the monies to be received to plaintiff, the bonding company.

The contract provided in paragraph 21 as follows:

"21. SUBSURFACE CONDITIONS FOUND DIFFERENT.

"Should the Contractor encounter subsurface and/or latent conditions at the site materially differing from those shown on the Plans or indicated in the Specifications, he shall immediately give notice to the Architect/Engineer of such conditions before they are disturbed. The Architect/Engineer will thereupon promptly investigate the conditions, and if he finds that they materially differ from those shown on the Plans or indicated in the Specifications, he will at once make such changes in the Plans and/or Specifications as he may find necessary, any increase or decrease of cost resulting from such changes to be adjusted in the manner provided in Paragraph 17 of the General Conditions."

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Work was commenced by the contractor in February, 1964, and was substantially completed in April, 1966. On March 17, 1964, notice of the discovery of different subsurface conditions was given to defendants by letter. Defendants' response was delivered in a letter dated March 23, 1964, in which defendants indicated a preference to review the contractor's request for a change order at a later date in view of the possibility of construction of sanitary sewers in Martin Road by the City of St. Clair Shores.

Subsequently change orders were prepared, adding to the contract price the total sum of $71,919.90 for construction of the sewers. These change orders were signed and approved by defendants on July 10, 1964. On January 31, 1966, the contractor presented claims for extra compensation in the sum of $297,967.15 arising out of the performance of work under the construction contract with reference to the changed subsurface conditions. On July 27, 1966, defendants denied liability for the claimed extras.

Plaintiff filed its complaint on June 17, 1970, alleging a breach of contract occurred on March 17, 1964, when its assignor reported to defendants that existing subsurface conditions materially differed from those shown on the plans and specifications relied upon in making its bid and requesting in the report a change order reflecting extra costs in the sum of $3,420.00.

After defendants filed a motion for an accelerated judgment plaintiff filed an amended complaint deleting any reference to an alleged contractual breach of March 17, 1964, and alleging its right to recover because the defendants' response to the notice of March 17, 1964, indicated that work should proceed with the amount of payment

to be determined at a later date. The plaintiff further alleged that the breach occurred on July 27, 1966, when the defendants denied liability.

On the motion for accelerated judgment the trial court found that the construction contract was not an installment contract but an entire contract for a fixed sum for the work as a whole and that the breach of contract occurred on or before March 17, 1964, when plaintiff's assignor discovered the difference in subsurface conditions, citing MCLA 600.5807; MSA 27A.5807; MCLA 600.5827; MSA 27A.5827.

Plaintiff claims its cause of action arises from the failure of defendants to comply with Paragraph 21, *supra,* and that its remedy lay within the contract. More particularly plaintiff asserts that the contractor was required to give notice of subsurface differences, that investigations were to follow, and, if warranted, changes in the plans and specifications, and adjustments in the costs, would be made.

The defendants adopt the trial court's opinion as their brief. The opinion below makes no reference to Paragraph 21 but is based solely on the conclusion that the discovery of the subsurface differences marks the beginning of the running of the six-year statute of limitations. Also the opinion relies to some extent on the fact that the original complaint referred to March 17, 1964, as the date on which the breach occurred. Since, however, the amended complaint deleted this reference the decision to enter the accelerated judgment should have been based entirely upon the superseding complaint. GCR 1963, 118.1.

We do not agree with the trial court's conclusion. MCLA 600.5827; MSA 27A.5827 defines when the claim accrues and reads in pertinent part:

" * * * [T]he period of limitations runs from the time the claim accrues * * * [T]he claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."

The wrong upon which plaintiff's claim is based was committed at the time of defendants' denial of the contractor's rights under Paragraph 21. The denial of plaintiff's claim occurred on July 27, 1966, at which time we hold the six-year statute of limitations began to run.

In *Bay City v Frazier,* 77 F2d 570 (CA 6, 1935) the Court relied on the early case of *Carter v Carter,* 36 Mich 207 (1877); *Burch v Woodworth,* 68 Mich 519; 36 NW 721 (1888); and *Wisniewski v Wisniewski's Estate,* 254 Mich 663; 236 NW 899 (1931), to hold that where the transaction was an entirety, requiring the performance of continuous service, the action was not barred until six years after the conclusion of the service.*

The contract before us indicates beyond question that the parties intended that the services of the contractor would be continuous and that differences arising out of changes in subsurface conditions would be adjusted according to the terms of the contract. Under these circumstances we hold that the reasoning of *Frazier, supra,* applies.

The accelerated judgment dismissing the amended complaint will be set aside and this cause remanded for trial on the merits. Costs to appellants.

All concurred.

---

* *See* 6 Williston on Contracts § 2027 (Rev Ed 1938), pp 5685–5686.