PYE v CHRYSLER CORPORATION (ON REMAND)

Docket No. 126768. Submitted March 5, 1991, at Detroit. Decided July 9, 1991, at 9:00 A.M.

Robert Pye was awarded workers' compensation benefits for the closed period of September 10, 1981, to April 1982 after a hearing referee found that he had been injured in 1969, 1978, and on September 10, 1981. Chrysler Corporation, his employer, appealed. The Workers' Compensation Appeal Board affirmed, with slight modifications. The Court of Appeals, WAHLS, P.J., and GRIBBS and REILLY, JJ., denied Chrysler leave to appeal (Docket No. 114862). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 434 Mich 875 (1990).

On Remand, the Court of Appeals *held:*

1. The decision, written by the third panel member of the appeal board appointed pursuant to MCL 418.261(2); MSA 17.237(261)(2) when the original two panel members could not reach a decision, is controlling. The amendment of § 261(2), providing for two panel members and the possible appointment of a third member, was properly given retroactive application in this case, which was pending before the appeal board on the effective date of the amendment, even though the plaintiff's injuries occurred before that date.

2. There was sufficient competent evidence to support the finding of a September 10, 1981, injury date.

Affirmed, but remanded for corrections stipulated by the parties.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Rodger G. Will*), for the plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for the defendant.

ON REMAND

Before: McDONALD, P.J., and MacKENZIE and WAHLS, JJ.

PER CURIAM. Defendant appeals a December 27, 1988, order of the Workers' Compensation Appeal Board affirming with modification the decision of a hearing referee. This Court initially denied defendant's application for leave to appeal in an order dated May 25, 1989 (Docket No. 114862). Our Supreme Court subsequently remanded the case to us for consideration as on leave granted. *Pye v Chrysler Corp,* 434 Mich 875 (1990). We affirm.

Plaintiff began working for defendant in December 1963. In 1969, plaintiff injured his back while working with heavy equipment and received workers' compensation for a period of two to three months. Although plaintiff returned to work, he testified his back pain never ceased. Plaintiff suffered two additional work-related back injuries in 1969 and 1978. Thereafter, he began performing the job of an inspector, which caused him little or no discomfort. Plaintiff continued working in this capacity until March 1981 when defendant, in reorganizing its operations, reassigned plaintiff from inspection work to work on the motor line. Plaintiff testified he complained about the work, because the constant bending aggravated his previous back injury. Plaintiff believes his back condition progressively worsened during the time he worked on the motor line.

Plaintiff lost a lot of time from work after being transferred to the motor line because he would often work for only an hour or two before his back pain became so great that he was sent home. Nonetheless, plaintiff continued to perform this job until his June 1981 hospitalization following a heart attack not related to his work. Plaintiff returned to work in August 1981 and was assigned to custodial tasks. Plaintiff performed this job

without incident until September 9, 1981, when he was notified of his transfer back to the motor line. Plaintiff objected to being returned to the motor line, and that same day he was discharged for alleged misconduct. Plaintiff filed a grievance and eventually returned to work. This case concerns plaintiff's claim for workers' compensation benefits for the closed period between September 1981, when he was discharged for alleged misconduct, and April 1982, when he was reinstated.

Plaintiff filed a petition for a hearing, and the hearing resulted in a referee's finding that plaintiff had been injured in 1969, 1978, and on September 10, 1981. The referee awarded him benefits for the closed period September 10, 1981, to April 1982. The referee's decision was appealed to the WCAB and was affirmed with slight modifications in a December 27, 1988, decision. Because the two original panel members were unable to agree on a disposition of the case, a new panel member was assigned pursuant to MCL 418.261(2); MSA 17.237(261)(2). The third panel member read the statute as granting him the authority to write the controlling decision whether or not his decision corresponded to either of the other two member's positions. Thus, the December 27 decision was entered, finding plaintiff was disabled during the September 1981 through April 1982 period and finding a September 1981 injury date.

Defendant raises several alleged errors on appeal, of which plaintiff concedes two. First plaintiff agrees the WCAB order mistakenly cites MCL 418.458 as the coordination of benefits provision, rather than MCL 418.358; MSA 17.237(358). Plaintiff also agrees the WCAB erroneously applied the rate of interest provision previously contained in MCL 418.801(5); MSA 17.237(801)(5), rather than the new rate of interest provision contained in

MCL 418.801(6); MSA 17.237(801)(6). The case is therefore remanded to the WCAB for these corrections. We reject defendant's remaining claims.

Defendant first argues that at least two members of a panel must concur before a controlling decision can be produced, even where, as in the instant case, a third panel member is assigned pursuant to MCL 418.261(2); MSA 17.237(261)(2). We disagree.

The statute provides in pertinent part:

> (2) Except as otherwise provided for in this act, a matter pending review before the appeal board shall be assigned to a panel of 2 members of the board for disposition . . . . The decision reached by the assigned members of a panel shall be the final decision of the board. If the members of a panel cannot reach a decision, the chairperson of the board shall assign a third panel member to review the matter. . . . The decision of the third member shall be controlling and shall be considered to be the final decision of the board.

The relevant language of the statute is clear and unambiguous. "The decision of the third member shall be controlling and shall be considered to be the final decision of the board." We must presume the Legislature intended the meaning it has plainly expressed. *Frasier v Model Coverall Service, Inc,* 182 Mich App 741; 453 NW2d 301 (1990). The mere fact that a statute appears impolitic or unwise does not render it subject to judicial construction. A plainly written statute must be enforced as written. *Victorson v Dep't of Treasury,* 183 Mich App 318; 454 NW2d 256 (1990). The decision written by the third panel member appointed pursuant to the statute is controlling.

We also reject defendant's contention that the amendment of § 261(2) providing for two member

panels and the possible appointment of a third member should not have been applied retroactively because plaintiff's injuries occurred before the effective date of the amendment. When considering whether amendments of the Workers' Disability Compensation Act should be given retroactive or prospective application, the general rule that statutes are presumed to apply prospectively absent a clearly manifested contrary legislative intent is applicable. *White v General Motors Corp,* 431 Mich 387; 429 NW2d 576 (1988). Here, the Legislature's intent that the amended statute be applied to cases like the instant one is evidenced by the statute itself. The language "a matter pending review before the appeal board shall be assigned to a panel of 2 members" clearly indicates the new review scheme was to apply to cases "pending review," regardless of the date of injury. Moreover, the contested amendment effects procedural changes and does not abrogate or impair vested rights. *Macomb Co Professional Deputies Ass'n v Macomb Co,* 182 Mich App 724; 452 NW2d 902 (1990).

We also find sufficient competent evidence to support the finding of a September 10, 1981, injury date. MCL 418.301(1); MSA 17.237(301)(1) provides the test to determine the date of injury for purposes of determining compensation benefits where, as in the instant case, the injury is not attributable to a single event. In such cases, the injury date is the last day of work in which the employee was last subject to the conditions resulting in the employee's disability. Here it could reasonably be concluded that assigning plaintiff to work under conditions already known to cause or aggravate his injury was the equivalent of his working under injury-causing conditions.

Defendant's remaining claims are not properly

preserved. Defendant failed to raise a claim regarding plaintiff's alleged wage-earning capacity before the wcab. *Achtenberg v East Lansing,* 421 Mich 765; 364 NW2d 277 (1985); *Kleinschrodt v General Motors Corp,* 402 Mich 381; 263 NW2d 246 (1978). Although defendant claims the wcab erred in not applying certain case law when determining the amount of plaintiff's gross wages, defendant has merely announced its position, failing to explain either what the case law allegedly required of the wcab or why it should apply to the instant case. We consider this failure an abandonment of the issue. *Holtzlander v Brownell,* 182 Mich App 716; 453 NW2d 295 (1990).

Affirmed, but remanded for the corrections stipulated to by the parties.