**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 14a0838n.06

Case No. 14-1304

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 06, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JACQUELINE NOWICKI-HOCKEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| BANK OF AMERICA, N.A., | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: BOGGS and COOK, Circuit Judges; QUIST, District Judge[*]

COOK, Circuit Judge. Plaintiff Jacqueline Nowicki-Hockey ("Nowicki") challenges the foreclosure of her home. She originally filed this action in Michigan state court, alleging claims for breach of contract and violation of the Michigan Consumer Protection Act ("MCPA") in connection with defendant Bank of America's alleged failure to properly credit Nowicki's payments on her $45,750 loan. The bank removed the matter to the United States District Court for the Eastern District of Michigan on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441. The district court granted summary judgment to the bank.

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Detecting a possible jurisdictional defect, we requested supplemental briefing from the parties. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter [jurisdiction] delineations must be policed by the courts on their own initiative . . . ."). If the district court lacks original jurisdiction, our appellate jurisdiction extends no further than "correcting the error of the lower court in entertaining the suit." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). After reviewing the record and the parties' briefs, we conclude that this action fails to satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Bank of America, as the removing party, bears the burden of establishing federal jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). In both its notice of removal and its supplemental brief, the bank contends that this action meets the amount-in-controversy requirement because Nowicki's complaint sought unspecified damages "in excess of $25,000" plus exemplary damages of $50,000. We consider each type of damages separately, guided by "[t]he general rule . . . that the amount claimed in good faith by the plaintiff controls unless it appears to a legal certainty that the claim is for less than the jurisdictional amount . . . ." *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir. 1983).

First, the bank fails to show the availability of exemplary damages for Nowicki's breach of contract and MCPA claims. Exemplary damages "compensate[] a plaintiff for the humiliation, sense of outrage, and indignity resulting from injuries maliciously, wilfully and wantonly inflicted by the defendant." *Kewin v. Mass. Mut. Life Ins. Co.*, 295 N.W.2d 50, 55 (Mich. 1980) (internal quotation marks omitted). Accordingly, Michigan law proscribes exemplary damages for contract claims "absent allegation and proof of tortious conduct

independent of the breach." *Id.* No such allegations appear in the complaint other than in connection with the MCPA claim.

As for that claim, we note that the MCPA lacks express language permitting exemplary damages. *See* Mich. Comp. Laws § 445.911(2) ("[A] person who suffers loss as a result of a violation of this act may bring an action to recover *actual damages* or $250.00, whichever is greater." (emphasis added)). The absence of such language in the authorizing statute—or clear legislative intent—precludes an award of exemplary damages under Michigan law. *See, e.g.*, *B & B Inv. Grp. v. Gitler*, 581 N.W.2d 17, 21 (Mich. Ct. App. 1998) (citing *Eide v. Kelsey-Hayes Co.*, 427 N.W.2d 488, 500 (Mich. 1988)). In *Eide*, for example, the Michigan Supreme Court held that the Michigan Civil Rights Act, which says nothing about exemplary damages, did not authorize such damages. *Eide*, 427 N.W.2d at 488 (agreeing with concurrence), 500 (Griffin, J., concurring in part). At least one district court found that "the [MCPA] does not authorize an award of punitive or exemplary damages," *Am. Express Co. v. Lipscomb*, No. 79-72892, 1981 WL 40529, at *6 n.6 (E.D. Mich. Jan. 12, 1981), and Bank of America points to no contrary authority. The bank therefore fails to establish the legal viability of Nowicki's claims for exemplary damages, and we deduct this sum from the amount-in-controversy ledger. *See, e.g.*, *Charvat v. NMP, LLC*, 656 F.3d 440, 447 (6th Cir. 2011) ("It is a legal certainty that the plaintiff cannot recover the damages that he or she seeks when the applicable law limits or bars the damages."); *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (same).

That leaves the request for judgment "in excess of $25,000." "[W]here the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," a removing defendant must prove by a "preponderance of the evidence" that the amount in controversy exceeds the jurisdictional threshold. *Gafford v.*

*Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Attempting to satisfy its burden, Bank of America points to records showing that Nowicki currently owes the bank $66,577.04 on her loan. According to the bank, "[t]herefore, if [Nowicki] were to succeed [on her breach of contract claim], not only would [Bank of America] be required to write off the $66,577.04 . . . , but it could also be subject to damages 'in an amount in excess of $25,000.'" But the bank cannot be liable for both figures at the same time; either Nowicki owes $66,577.04 on the loan, or it owes her in excess of $25,000 in credit on the loan. In any event, the $66,577.04[1] figure falls short of the $75,000 threshold.

Because the bank fails to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal, the district court lacked subject matter jurisdiction. *See Gafford*, 997 F.2d at 158.

Accordingly, we VACATE the district court's judgment and REMAND with instructions to remand the action to state court.

---

[1]Moreover, the $66,577.04 claimed by Bank of America includes interest and fees assessed through September 19, 2014—well after the bank removed this case to federal court in February 2011. As the bank acknowledges, we assess the propriety of subject-matter jurisdiction "at the time of removal." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). The bank offers no evidence concerning the value of the loan at that time.