# STATE OF MICHIGAN

# COURT OF APPEALS

---

JACQUELINE NOWICKI-HOCKEY,

        Plaintiff-Appellant,

v

BANK OF AMERICA,

        Defendant-Appellee.

UNPUBLISHED
June 29, 2017

No. 331584
Montmorency Circuit Court
LC No. 11-002674-CH

---

Before: SAWYER, P.J., and MURRAY and GLEICHER, JJ.

MURRAY, J. (*dissenting*).

For the reasons articulated below, the trial court order granting defendant's motion for summary disposition on all counts pursuant to MCR 2.116(C)(10) should be affirmed as there was no genuine issue of material fact regarding whether plaintiff first substantially breached the contract.

## I. FACTS

Plaintiff purchased a second home in 1993 by "obtain[ing] a mortgage through First America Bank."[1] Plaintiff refinanced in 1996.[2] The relevant contract terms appear to be as follows:

- Defendant gave plaintiff a loan for her property.

- Plaintiff promised to pay defendant:

  - a $45,750 principal balance as of March 14, 1996;

  - interest at a 7.375 annual rate "charged on [the] unpaid principal until the full amount of [the] principal has been paid;" and

---

[1] Numerous transfers of the mortgage and note occurred over the years, with the note and mortgage ultimately being assigned to defendant.

[2] Plaintiff refinanced with her ex-husband; he later quitclaimed the property to her.

-1-

- o "Escrow Items," including "yearly taxes and assessments," "yearly leasehold payments or ground rents on the Property, if any," "yearly hazard or property insurance premiums," "yearly flood insurance premiums, if any," and "yearly mortgage insurance premiums, if any."

- Plaintiff promised to pay for these items with a monthly payment of:

  - o $315.98 per month, on the first day of each month, from May 1, 1996, through September 1, 2002:

  - o $429.57 per month, on the first day of each month, from October 1, 2002, through March 1, 2005;

  - o $784.21 per month, on the seventh day of each month, from April 7, 2005, through September or October 2006; and

  - o $820.98 per month, on the seventh day of each month, beginning October 25, 2006.

- Plaintiff would be in "default" if she failed to "pay the full amount of each monthly payment on the date it [wa]s due."

- Defendant must discharge the mortgage once plaintiff pays "all sums secured by" the mortgage.

Over the years, each party alleged that the other failed to comply with the terms of the note and mortgage: plaintiff claimed that defendant failed to timely apply and credit payments, and defendant claimed that plaintiff failed to make timely payments. Ultimately, plaintiff alleged that defendant "declared a default," "invoked the power of sale pursuant to . . . the mortgage document," and scheduled a "sheriff's sale" for the home on January 6, 2011. She moved for a temporary restraining order (TRO) to stop the sale, and the trial court granted her motion.

Plaintiff also filed a complaint that asserted, amongst other claims, a breach of contract. She argued that defendant breached the "Note and/or mortgage" (1) "by failing to post and credit documents and/or note" and/or by (2) "revers[ing plaintiff's] payments . . . without legal authority to do so," causing plaintiff damages.[3]

---

[3] Defendant filed a notice of removal to the United States District Court for the Eastern District of Michigan, arguing that the federal court had "original diversity jurisdiction" pursuant to 28 USC 1332. The Court entered an order granting summary judgment for defendant on the basis that plaintiff was the first to substantially breach the contract. *Nowicki-Hockey v Bank of America*, unpublished order of the United States District Court for the Eastern District of Michigan, entered January 31, 2014 (Case No. 11-cv-10482), pp 4-7, 10, 12. Plaintiff appealed to the Sixth Circuit. *Nowicki-Hockey v Bank of America, NA*, 593 Fed Appx 420 (2014). It held

Defendant moved for summary disposition on all counts pursuant to MCR 2.116(C)(8) and (C)(10). It argued that "no material questions of fact remain" because plaintiff failed to meet her burden to show that defendant breached the note or mortgage and, instead, the evidence showed that plaintiff breached the note and mortgage 15 times. Further, it asserted that the party "who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform," and that plaintiff first breached the note when she missed her April 2005 payment. Then, defendant argued, plaintiff admitted to "numerous" subsequent breaches and had still failed to pay off her loan.

Plaintiff argued that the trial court should have granted summary disposition for her, not defendant. Again, she alleged that defendant and its predecessors "failed to post and credit [her] account with . . . payments made pursuant to the note and mortgage and reversed payments made without legal authority to do so" "for years," as discussed above. By doing so, plaintiff argued, defendant first breached the note and mortgage. Plaintiff also argued that she fully paid her mortgage.

In a written opinion and order, the trial court granted summary disposition for defendant. It found that the case involved "one basic issue: Whether . . . plaintiff has paid off her mortgage," and concluded that plaintiff had not. The trial court found reliance on Karl Haiser's forensic accounting reports to be "misplaced" and "insufficient to establish any material question of fact" because the report "is admittedly incomplete" as it "concedes that 'several open items . . . need to be reconciled to bring complete closure.' " The trial court concluded that plaintiff substantially breached the note first, with a missed payment constituting a "default" in April 2005, and because plaintiff was the first party to substantially breach the parties' agreement, she could not maintain a breach of contract action against defendant.

This appeal followed.

## II. ANALYSIS

We review de novo trial court decisions on summary disposition motions under MCR 2.116(C)(10), *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999), and issues of contract interpretation, *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 488; 892 NW2d 467 (2016).

The trial court granted summary disposition for defendant pursuant to MCR 2.116(C)(10), as it found that defendant's evidence was "uncontradicted." An MCR 2.116(C)(10) motion tests the factual sufficiency of a complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). The nonmoving party has the burden to provide evidence of a genuine issue of material fact by providing "some statement of specific fact" providing the basis for each element of the case. *Skinner v Square D Co*, 445 Mich 153, 160-161; 516 NW2d 475 (1994), overruled in part on other grounds by *Smith v Global Life Ins Co*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999). "Affidavits, depositions, admissions, and documentary evidence offered . . . shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the

that the action did not "satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction," and vacated the district court's judgment. *Id*. at 421-422. The District Court remanded the case to the circuit court.

motion." MCR 2.116(G)(6). The evidence must be plausibly admissible in substance. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009). The evidence need not be admissible in form. *Id*. All foundation for admission need not be laid at the summary disposition stage. *Id*. Finally, the trial court reviews the then-existing record in the light most favorable to the nonmoving party. *Maiden*, 461 Mich at 118; *Joseph*, 491 Mich at 206.

To sustain a breach of contract claim, a plaintiff must " 'establish by a preponderance of the evidence that (1) there was a contract, (2) [the defendant] breached the contract, and (3) the breach resulted in damages to [the plaintiff.]' " *Fidelity Nat'l Title Ins Co*, 316 Mich App at 489, quoting *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 100; 878 NW2d 816 (2016).

Defendant does not dispute that the parties had a contract or dispute any of plaintiff's characterizations of its terms, which are outlined in their note and mortgage. The parties also agreed to modify the note and mortgage's repayment terms through the 2002, 2005, and 2006 repayment plans. See *Adell Broadcasting v Apex Media Sales*, 269 Mich App 6, 11; 708 NW2d 778 (2005) (explaining "that parties to a contract may contract to modify the contract by a later agreement").

Plaintiff argues that defendant breached this agreement (1) "by failing to post and credit [her] payments in a manner consistent with the recorded mortgage and/or other recorded documents and/or note" and by (2) "revers[ing plaintiff's] payments . . . without legal authority to do so." As a result, plaintiff argues, she has now paid off her mortgage and yet, defendant has failed to discharge it.

Plaintiff's breach of contract claim would fail if she substantially breached the parties' contract before defendant. *McCarty v Mercury Metalcraft Co*, 372 Mich 567, 573-574; 127 NW2d 340 (1964). If a party " 'commits the first substantial breach of a contract[, it] cannot maintain an action against the other contracting party for a subsequent failure . . . to perform.' " *Id*. at 573, quoting *Jones v Berkey*, 181 Mich 472, 480; 148 NW 375 (1914). A breach is substantial if it "effected such a change in essential operative elements of the contract that further performance by the other party is thereby rendered ineffective or impossible, such as the causing of a complete failure of consideration . . . or the prevention of further performance by the other party . . . ." *Id*. at 574. "To determine whether a substantial breach occurred, a trial court considers 'whether the nonbreaching party obtained the benefit which he or she reasonably expected to receive.' " *Able Demolition v Pontiac*, 275 Mich App 577, 585; 739 NW2d 696 (2007), quoting *Holtzlander v Brownell*, 182 Mich App 716, 722; 453 NW2d 295 (1990). In a breach of contract claim involving a mortgage, this Court has concluded that a substantial breach occurred by a mortgagor "being in default on their taxes," which could "result in forfeiture of the property entirely." See *Patrick v Shaw*, 275 Mich App 201, 203, 205-206; 739 NW2d 365 (2007).[4]

_____

[4] Plaintiff argues that the trial court erred in considering whether she substantially breached the contract because the doctrine only applies in commercial contexts. However, our Supreme Court placed no such limitation on the doctrine. See *McCarty*, 372 Mich at 573-574. And the Court in

Plaintiff argues that the trial court erred in finding that any breach of the mortgage or note on her behalf was substantial. The first, uncontested breach of the contract by plaintiff occurred in June 2005. Plaintiff owed a $784.21 monthly payment on June 7, 2005, but her own evidence shows that her check was not dated until June 10, 2005, was not captured until June 28, 2005, and then was later cancelled. Defendant's accounting has no record of the payment. Other uncontested breaches appear to have occurred in July 2005, June 2006, and August 2006. All of plaintiff's evidence shows that she did not make these payments on time, and defendant's accounting has no record of payment. The parties' Note reads that plaintiff would be in "default" if she failed to "pay the full amount of each monthly payment on the date it [wa]s due." Thus, plaintiff's breach was substantial. See *Patrick*, 275 Mich App at 203, 205-206. Additionally, more recently, plaintiff failed to make property tax payments, which defendant paid in order to preserve the property. This also constitutes a substantial breach. *Patrick*, 275 Mich App at 205-206.

On the other hand, and as the federal judges concluded, the breaches plaintiff asserts defendant made, even if accurate, cannot be considered substantial because they did not render further performance of the contract ineffective or impossible. Specifically, plaintiff provided some evidence that defendant's predecessors failed to post payments in a timely manner or failed to post them at all in the following months: March 2004, April 2004, May 2004, June 2004, July 2004, August 2004, September 2004, October 2004, November 2004, December 2004, January 2005, February 2005, April 2005, May 2005, August 2005, September 2005, October 2005, November 2005, December 2005, February 2007, and June 2008. However, following these alleged breaches, plaintiff continued to perform under the parties' agreement by making or attempting to make mortgage payments. And, she continued to receive the benefit expected from the transactions—the loan utilized to purchase the property. *Able Demolition*, 275 Mich App at 585. Thus, the trial court did not err when it granted summary disposition of plaintiff's breach of contract claim.

The majority opinion's criticism of the trial court's opinion misses the mark. The trial court's reference to plaintiff having to prove she paid off her mortgage to avoid summary disposition was stated in the context of what plaintiff was alleging, i.e., that she *had* paid all the mortgage and was entitled to prevail on her complaint. Naturally, if she could not submit evidence in support of the breach of contract claim—which obviously was the foundation to her case—she could not avoid summary disposition of her claims. Contrary to the majority opinion's implication, she did not allege in her complaint that she should prevail on her claims because she had until 2026 to pay off the mortgage.

For these reasons, I would affirm the trial court's order.

/s/ Christopher M. Murray

---

*Patrick*, 275 Mich App at 203, 205-206, discussed substantial breaches in the context of a mortgage breach of contract claim.